104 F.3d 357
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES OF AMERICA, Appellee,
v.
SAMUEL McALLISTER, Defendant-Appellant.
 No. 96-1292.
 United States Court of Appeals, Second Circuit.
 Dec. 19, 1996.
 
 Appeal from the United States District Court for the District of Connecticut (Peter C. Dorsey, Chief Judge).
 APPEARING FOR APPELLANT: Richard A. Reeve, Assistant Federal Public Defender, New Haven, CT.
 APPEARING FOR APPELLEE: Keith A. King, Assistant United States Attorney, District of Connecticut, New Haven, CT.
 D.Conn.
 AFFIRMED.
 Before FEINBERG, ALTIMARI and PARKER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel for the appellant and appellee.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby AFFIRMED.
 
 
 3
 Samuel McAllister appeals his conviction for possession of a firearm by a convicted felon, under 18 U.S.C. § 922(g)(1). His primary argument is that the district court committed reversible error in excluding relevant evidence. A police officer testified that he saw McAllister toss a black Glock pistol with a laser sight over a fence when pursuing McAllister at a housing project. McAllister sought to present testimony that two other officers questioned several individuals about who owned the gun shortly after McAllister and the other individuals were detained. This testimony, McAllister claims, was relevant and important to discrediting the police officer's identification of McAllister as the one who tossed the gun, the only evidence establishing the element of possession. The district court excluded the proposed testimony on relevance grounds. We agree with the district court.[1]
 
 
 4
 Bridgeport Police Officer Frank Nikola testified that when he was about ten feet behind McAllister, he saw him drop or toss a gun into the yard of a building at a housing project. McAllister was in a group that Nikola and other officers determined to detain after seeing two individuals--not including McAllister--possessing drugs and a gun. After McAllister dropped the weapon, Nikola testified that the group began to run, whereupon the officers subdued them. Immediately thereafter, Nikola searched the yard and found a .9mm black Glock pistol. Nikola testified that he clearly saw McAllister drop the gun and that the area was illuminated by artificial light.
 
 
 5
 The defense cross-examined Nikola at trial regarding inconsistencies between his testimony and his police report. In his police report, Nikola stated that he saw McAllister remove the gun from his front pants waistband and throw it over the fence. At trial, Nikola stated that he saw McAllister lift his jacket, remove the gun from his rear waistband, and drop it over the fence. The defense also elicited evidence showing inconsistencies between the testimony of Nikola and other officers at the scene.
 
 
 6
 In his defense case, McAllister called Derrell Johnson, whose excluded testimony is the subject of this appeal. Johnson testified that he lived in Marina Village, the housing project, and knew McAllister. He heard gunshots on the evening in question and went to see what was happening. He testified that he saw a group of people gathered between two project buildings. An unidentified black male who was not McAllister walked around the end of one of the buildings and asked if anyone wanted to buy a gun. The black male returned with a black pistol with laser beam sights.
 
 
 7
 Johnson testified that later, after the police had detained the group, he watched as the police pulled two guns out of the yards in the alleyway, a black pistol and a chrome pistol. He saw the police passing the black pistol with laser sights between themselves and waving it around. The defense then attempted to elicit testimony that the officers showed the gun to the various detainees, making statements like "This is your gun" or "Is this your gun?"
 
 
 8
 At this point, the prosecution made an inapt hearsay objection. The court determined that the statements "may not be hearsay" but excluded the questions on relevance grounds. The defense sought to introduce the evidence to show that, in contrast to Nikola's testimony that he positively identified McAllister, at the scene the other officers were not sure who the black gun belonged to. Ultimately, Johnson was only allowed to testify that he saw the officers "walking back and forth to the people on the ground in the alley" and had in their hands the black and chrome pistols.
 
 
 9
 After the guilty verdict, McAllister moved for a new trial, arguing that the court improperly excluded Johnson's testimony and that Nikola was an incredible witness as a matter of law. The court acknowledged that "Nikola's testimony was crucial to the only disputed question of fact and his credibility was challenged" and therefore "his testimony must be scrutinized meticulously to avoid any risk of injustice." The court noted the conflicts between Nikola's testimony and his police report, and conflicts between Nikola's testimony and that of the other witnesses, but concluded that nothing contradicted Nikola's claim that he saw McAllister with the gun. The court concluded that Nikola was credible. The court further explained its reason for excluding Johnson's testimony. The court reasoned that the relevancy of the evidence was "dependent on the assumption that Nikola would have advised all of the officers of his observation" that McAllister tossed the gun. The court stated that McAllister's relevancy argument "[i]gnor[es] the possibility that the unknown officers may have been seeking to confirm Nikola's observation." The court pointed out that "[t]here was no evidence that Nikola did not see what he claims he saw." The court therefore concluded that "[a]s unfounded speculation or argument, there is no basis for the inference defendant would draw from the testimony. Therefore, there is no probative value to the evidence offered and it was properly excluded as irrelevant."
 
 
 10
 We conclude that in excluding the evidence the district court did not abuse its discretion. It is clear that "[d]istrict courts have broad discretion to determine the relevancy of evidence and that determination will not be overturned unless it is arbitrary or irrational." United States v. Amuso, 21 F.3d 1251, 1263 (2d Cir.1994). It is also clear that a district court has discretion to exclude evidence that would require the jury to speculate. See O'Rourke v. Eastern Air Lines, Inc., 730 F.2d 842, 854 (2d Cir.1984) (district court properly excluded testimony introduced by plaintiff to establish decedent's pain and suffering, where under New York law pain and suffering damages cannot be based on speculation, commenting that "since [the witness] did not see [the decedent] or know what happened immediately before the crash, the district court did not abuse its discretion in ruling that her testimony was irrelevant"); Berry v. Deloney, 28 F.3d 604, 609 (7th Cir.1994) ("district court acted within its discretion in precluding plaintiff's counsel from admitting evidence that would have merely invited the jury to speculate that [the defendant] suppressed evidence helpful to the plaintiff").
 
 
 11
 Here, McAllister's proffer did not establish that the officers who asked the detainees about the gun spoke to Nikola about who he saw drop the weapon or that they necessarily would have done so. Accordingly, for the testimony to help McAllister by undermining Nikola's testimony, the jury would have had to speculate. The district court properly considered the relevancy of the evidence in relation to the importance of Nikola's credibility. In concluding that the evidence was nonetheless inadmissible, we cannot say that the district court abused its broad discretion.
 
 
 12
 We affirm the judgment of the district court.
 
 
 
 [1]
 McAllister also challenges the constitutionality of the felon-in-possession statute. He acknowledges that this court has ruled that 18 U.S.C. § 922(g) does not violate the commerce clause, United States v. Sorrentino, 72 F.3d 294, 296-97 (2d Cir.1995), and only requires proof that at one point the firearm traveled in interstate commerce to satisfy the interstate commerce element, United States v. Carter, 982 F.2d 645, 647 (2d Cir.1992), to which McAllister stipulated at trial. He raises the issue for preservation purposes only. With respect to this part of McAllister's argument, we affirm on the basis of Sorrentino and Carter. His challenge to the composition of the New Haven jury pool was consolidated with United States v. Rioux, 97 F.3d 648 (2d Cir.1996), and was decided against him by the panel that decided Rioux. See United States v. McAllister, No. 96-1292, 1996 WL 557828 (Oct. 2, 1996). Accordingly, we need not address this claim